## Ida Glazer vs. Max Rosoff.

Maltbie, C. J., Haines, Hinman, Avery and Foster, Js.

Argued May 9th—decided June 5th, 1935.

*John Henry Sheehan,* for the appellant (plaintiff).

*Daniel D. Morgan,* for the appellee (defendant).

MALTBIE, C. J.  This action came to the Court of Common Pleas for New Haven County on the first Tuesday of May, 1929, and was thereafter pending in that court until it was stricken from the docket at the annual call on June 22d, 1934.  The judgment-file recites that subsequently a motion to restore the case to the docket was made, which was denied on September 24th, 1934.  On October 4th, 1934, the plaintiff filed an appeal from the judgment, assigning as error the striking of the case from the docket.

The judges of the Court of Common Pleas have prepared and filed a "chronological memorandum" in which they recite certain facts which they consider relevant to the issues raised by the appeal.  Where a trial court deems it necessary, in order to present to this court certain issues upon the appeal, that a finding be made, it is its right and may be its duty to make such a finding, though the parties have not requested it.  We treat the "memorandum" filed in this case as such a finding, so far as the facts stated are relevant. Under date of June 4th, 1934, the clerk of the court sent to counsel a notice that all cases returnable prior to the first Tuesday of July, 1932, would be stricken from the docket on June 22d, 1934, without further notice, and that counsel desiring any such cases to remain on the docket must file in the clerk's office a stipulation that they so desired on or before the day specified and that in cases where there was no appearance the stipulation must be signed by the parties.  No stipulation to retain this case on the docket was signed by counsel and on June 22d, 1934, it was stricken off.  Then followed an oral motion to restore the case which, upon

the defendant's objection, was denied. The attorney for the plaintiff complained that he had not been fully heard upon that motion and he was given permission to file the written motion referred to in the judgment-file, upon which he was fully heard, but this also was denied.

A judgment striking a case from the docket is a final judgment terminating the rights of the parties to proceed with the action. *Norton* v. *Shore Line Electric Ry. Co.,* 84 Conn. 24, 31, 78 Atl. 587. A motion to restore a case struck from the docket is like a motion to reopen a judgment; the decision upon it is not the basis of an appeal but it may postpone the limitation of the time within which an appeal from the judgment striking the case from the docket must be taken. *Beard's Appeal,* 64 Conn. 526, 534, 30 Atl. 775; *Equitable Trust Co.* v. *Plume,* 92 Conn. 649, 652, 103 Atl. 940. The motions to restore this case were entertained by the trial court and given consideration. The appeal was taken within ten days from the denial of the motion to restore and sufficiently complied with the requirements of our rules. *Peerless Soda Fountain Service Co.* v. *Savin,* 117 Conn. 1, 2, note, 166 Atl. 386.

Terminating, as it does, the right of the plaintiff to pursue the action, the striking of a case from the docket is an exercise of the judicial function and as such can be done only after notice and an opportunity to the parties to be heard. The notice given counsel in this case was, in effect, a statement that on the day specified the cases which had been returned to the court before the first Tuesday of July, 1932, would be stricken from the docket unless a stipulation was filed that they be continued. A requirement that, to secure the continuance of a case, a stipulation to that effect must be filed, would put the party desiring a continuance at the mercy of his opponent. The purport of the

notice was not that counsel would, if they desired, be heard on the date specified, on the issue whether the case should be continued or stricken off, but its terms indicated automatic action in the absence of a stipulation; nor does the record disclose that counsel were in fact heard or given an opportunity to be heard before the court directed judgment. A hearing upon a motion to restore the case to the docket would not be sufficient because such a motion is made only after the rights of the parties have been judicially determined and a denial of the motion affords no ground for appeal. The "chronological memorandum" states facts which might have justified the action of the trial court had a proper procedure been followed, but this cannot remedy the failure to give the plaintiff an opportunity to be heard before that action was taken.

There is error and the judgment striking the case from the docket is reversed.

In this opinion the other judges concurred.