GOVERNORS GROVE CONDOMINIUM ASSOCIATION, INC.,
ET AL. *v*. HILL DEVELOPMENT CORPORATION ET AL.

SPEZIALE, C. J., PETERS, HEALEY, ARMENTANO and SHEA, Js.

Argued April 1—decision released July 6, 1982

*Richard J. Broadman,* with whom, on the brief, were *Christopher C. Noble* and *Anne B. Carroll,* legal intern, for the appellants (plaintiffs).

*Gregory M. Harris,* with whom was *Angela C. Grant,* for the appellee (named defendant).

*Mark J. Svonkin,* with whom was *William G. Speed IV,* for the appellee (defendant LaCava Construction Company).

PER CURIAM. The plaintiffs, an association of condominium owners and a class of owners, brought this action against the developers and builder of their condominium complex alleging breach of express warranty, civil conspiracy, and breach of fiduciary duty. On June 30, 1980, the case was dismissed on the trial court's own motion under § 251 of the Practice Book for the plaintiffs' failure to

prosecute with due diligence.[1] The plaintiffs did not appeal from this dismissal within the twenty day appeal period;[2] see Practice Book § 3007; nor was the appeal period stayed by the plaintiffs' filing of a motion during the appeal period "which, if granted, would render the judgment or decision ineffective." Id. On August 8, 1980, after expiration of the appeal period, the plaintiffs filed a motion "to open [§] 251 dismissal." This motion

[1] This case has the unusual procedural feature of being dismissed twice. The second dismissal of the case was entered on July 1, 1980, the day after the first dismissal. The second dismissal resulted from the granting of the defendants' motion for nonsuit based on the plaintiffs' failure to comply with a discovery order.

[2] The plaintiffs suggest that the § 251 dismissal was not final when it was entered, and thus not immediately appealable, because it could be opened within four months under § 326 of the Practice Book. This suggestion has been previously considered by this court and found to be without merit. See *Miller* v. *Bridgeport Herald Corporation*, 134 Conn. 198, 200–201, 56 A.2d 171 (1947). The fact that the trial court has the power to open a judgment; see Practice Book §§ 326, 377; General Statutes §§ 52-212a, 52-212; does not mean that the judgment is not final for purposes of appeal. See Practice Book §§ 3000, 3007; General Statutes § 52-263; *Jenkins* v. *Ellis*, 169 Conn. 154, 159–60, 362 A.2d 831 (1975); *Lake Garda Co.* v. *Lake Garda Improvement Assn.*, 156 Conn. 61, 64–65, 238 A.2d 393 (1968); *Wells Laundry & Linen Supply Co.* v. *Acme Fast Freight, Inc.*, 138 Conn. 458, 463–64, 85 A.2d 907 (1952). If the appropriate motion to open is made within the appeal period, the expiration of that period is stayed until twenty days after the issuance of notice of the decision on the motion. Practice Book § 3007. If no such motion is made, the appeal period expires twenty days from the issuance of notice of the judgment. Id.

It is well established that a dismissal under § 251 is a final judgment for purposes of appeal. *Jenkins* v. *Ellis*, supra; *Lake Garda Co.* v. *Lake Garda Improvement Assn.*, supra; *Wells Laundry & Linen Supply Co.* v. *Acme Fast Freight, Inc.*, supra; *Miller* v. *Bridgeport Herald Corporation*, supra; *Glazer* v. *Rosoff*, 120 Conn. 120, 122, 179 A. 407 (1935); *Norton* v. *Shore Line Electric Ry. Co.*, 84 Conn. 24, 31, 78 A. 587 (1911); *Sanford* v. *Bacon*, 75 Conn. 541, 544–45, 54 A. 204 (1903).

was denied by the trial court on October 3, 1980.[3] On October 22, 1980, the plaintiffs appealed from this denial.[4] The jurisdictional statement on the plaintiffs' appeal form indicates clearly that the plaintiffs' appeal was taken only from the denial on October 3, 1980, of the motion "to open [§] 251 dismissal."[5]

Before we can reach the merits of the plaintiffs' appeal, however, it is necessary for us to consider the threshold question of whether their appeal is taken from a final judgment.[6] This court may hear the plaintiffs' appeal only if the denial of their motion "to open [§] 251 dismissal" is a final judgment. See Practice Book § 3000; General Statutes § 52-263.

The plaintiffs' motion "to open [§] 251 dismissal" is a motion to restore the case to the docket. See *Nickerson* v. *Gachim,* 183 Conn. 413, 416, 439 A.2d 379 (1981); *Snow* v. *Calise,* 174 Conn. 567, 570, 392 A.2d 440 (1978); *Equitable Trust Co.* v. *Plume,* 92 Conn. 649, 652, 103 A. 940 (1918). Such a motion, if filed within the twenty day appeal period, stays the expiration of the appeal period

---

[3] The plaintiffs also moved, on October 29, 1980, to open the second dismissal. See footnote 1, supra. On November 12, 1980, the trial court declined to render a decision on this motion because the plaintiffs' appeal from the denial of their motion "to open [§] 251 dismissal" was pending.

[4] The plaintiffs subsequently amended their appeal to include in their claim the trial court's refusal to decide their motion to open the second dismissal. See footnotes 1 and 3, supra.

[5] Counsel for the plaintiffs acknowledged this at oral argument before this court.

[6] We raise this question by our own motion. The defendants originally raised this question in a motion to dismiss filed October 31, 1980. On December 2, 1980, we denied this motion. After a review of the case upon full briefing, however, we have concluded that it is necessary to reconsider our jurisdiction to hear this case.

until twenty days after the issuance of notice of the decision on the motion. Practice Book § 3007; *Nickerson* v. *Gachim,* supra; *Snow* v. *Calise,* supra; *Miller* v. *Bridgeport Herald Corporation,* 134 Conn. 198, 201, 56 A.2d 171 (1947); *Glazer* v. *Rosoff,* 120 Conn. 120, 122, 179 A. 407 (1935); *Equitable Trust Co.* v. *Plume,* supra; *Sanford* v. *Bacon,* 75 Conn. 541, 544–45, 54 A. 204 (1903); *Beard's Appeal,* 64 Conn. 526, 535, 30 A. 775 (1894). But the decision on a motion to restore a case to the docket is not itself appealable. *Nickerson* v. *Gachim,* supra; *Miller* v. *Bridgeport Herald Corporation,* supra; *Glazer* v. *Rosoff,* supra; *Beard's Appeal,* supra; Maltbie, Conn. App. Proc. § 15 n.21; see *Snow* v. *Calise,* supra; *Sussman* v. *Riverbank Motors Corporation,* 154 Conn. 289, 292, 224 A.2d 716 (1966); *Equitable Trust Co.* v. *Plume,* supra. Because the plaintiffs have appealed from a decision which is not appealable, their appeal must be dismissed.[7]

Appeal dismissed.

---

[7] This conclusion makes it unnecessary for us to consider the plaintiffs' claim in their amended appeal that the trial court erred in refusing to decide their motion to open the second dismissal. See footnotes 1, 3, and 4, supra. The conclusion reached above indicates that the first dismissal stands. The plaintiffs' appeal from the trial court's refusal to decide their motion to open the second dismissal is rendered moot. The amended appeal, therefore, also must be dismissed.