[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On February 26, 1987, the plaintiff John F. Pintavalle, conservator for Gary Andrew Pintavalle, filed a two-count complaint pursuant to Section 52-592, of the General Statutes, against the defendant, Dimitrios Valkanos, d/b/a Family Pizza House. The plaintiff's complaint seeks damages for injuries he sustained in an automobile accident on October 5, 1984, when a truck driven by Brian Curran and in which Gary Pintavalle was a passenger, collided with a utility pole. The plaintiff alleges in the first count of his complaint that the defendant was grossly negligent in serving alcohol to Brian Curran in violation of Section 30-86, of the General Statutes, which prohibits the sale of alcohol to a minor or an intoxicated person. The second count alleges that the defendant acted wantonly and recklessly in serving Curran alcohol in violation of Section 30-86.
On December 9, 1988, pursuant to P.B. Section 251, the trial court dismissed the plaintiff's action for failure to prosecute with reasonable diligence. On December 30, 1988, the plaintiff moved pursuant to P.B. Section 326 and Section52-212a of the General Statutes to reopen the Section 251 dismissal. The trial court, Fracasse, J., denied the plaintiff's motion to reopen on January 20, 1989. On May 11, 1989, the court, Gill, J., denied the plaintiff's motion to reargue the plaintiff's motion to reopen the judgement of dismissal. On February 12, 1990, the plaintiff moved for reconsideration of the section 251 dismissal of December 9, 1988. On February 23, the defendant filed an objection to the plaintiff's motion for reconsideration, as well as an accompanying memorandum of law. Both parties have filed additional memoranda in support of their positions. The issue now before the court is, does the trial court have the authority to reconsider the Section 251 dismissal of December 9, 1988.
Practice Book Section 251 provides in pertinent part, "If a party shall fail to prosecute an action with reasonable diligence, the court may, after a hearing, on a motion by any party pursuant to Sec. 196, or on its own motion, render a judgment dismissing the action with costs . . ." See Jaconski v. AMF, Inc., 208 Conn. 230, 234 (1988). "Under Section 251, the trial court is confronted with endless gradations of diligence, and in its sound discretion, the court must determine whether the party's diligence falls within the "reasonable" section of the diligence spectrum. Id.
"It is well established that a dismissal under Section 251 is a final judgment for purposes of appeal." Governors Grove Condominium Association, Inc. v. Hill Development Corp.,187 Conn. 509, 510 n. 2 (1982). In addition to appealing a Section CT Page 484 251 dismissal, a party may attempt to open a section 251 judgement of dismissal by filing a motion to open the judgment pursuant to P.B. Section 326. See Pump Services Corp. v. Roberts, 19 Conn. App. 213, 216 (1989) (the proper way to open a section 251 dismissal is by filing a motion to open pursuant to P.B. Section 326, not P.B. Section 377).
Section 52-212a of the General Statutes P.B. Section 326 are parallel provisions. Section 52-212a provides:
 Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, a civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed. The parties may waive the provisions of this section or otherwise submit to the jurisdiction of the court.
P.B. Section 326 provides:
 Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil judgement or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which it was rendered or passed. The parties may waive the provisions of this paragraph or otherwise submit to the jurisdiction of the court.
 Upon the filing of a motion to open or set aside a civil judgment, except a judgment in a small claims or juvenile matter, the moving party shall pay to the clerk the filing fee prescribed by statute unless such fee has been waived by the court.
A plaintiff moving to open a judgment pursuant to Section 326, must file his motion within the four months time limit set out in section 326, because "(u)nless the parties waive this time limitation, the trial court lacks jurisdiction to entertain a motion to open filed more than four months after a decision is rendered." Van Mecklenburg v. Pan American World Airways, Inc., 196 Conn. 517, 518 (1985). It is within the trial judge's discretion to grant or deny a timely motion to open a judgment. See Acheson v. White, 195 Conn. 211, 214-15
(1985).
Furthermore, a motion to open a section 251 dismissal is "a motion to restore the case to the docket . . . (and) the decision on a motion to restore the case to the docket is not CT Page 485 itself appealable." Governors Grove, 187 Conn. at 511-12.
In his memorandum of law in support of his motion to reconsider the section 251 dismissal of December 9, 1988, the plaintiff argues that P.B. Section 6 authorizes the court to grant the plaintiff's motion. Section 6 provides that, "the design of these rules (of the superior court) being to facilitate business and advance justice, they will be interpreted liberally in any case where it shall be manifest that a strict adherence to them will work surprise or injustice."
The plaintiff's motion to reconsider the section 251 dismissal is tantamount to a Section 326 motion to open judgment. Because the plaintiff's "motion to reconsider" was filed more than four months after the Section 251 dismissal entered on December 9, 1988, the court lacks subject matter jurisdiction over the plaintiff's present "motion to reconsider."
Furthermore that adherence to the time requirements set forth in Section 326 does not "work surprise or injustice." The plaintiff could have appealed the Section 251 dismissal pursuant to P.B. Section 4009 either after the Section 251 dismissal was first entered, or within twenty days after the plaintiff's motion to open was denied. See Governors Grove, 187 Conn. at 510n.2. Therefore the plaintiff's motion to reconsider the Section 251 dismissal rendered on December 9, 1988, is denied.
BY THE COURT, CHARLES D. GILL, JUDGE