# NICHOLAS D. GALGANO *v.* METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY ET AL.
## (AC 19617)

Landau, Mihalakos and Daly, Js.

Argued January 12 and March 19[1]—officially released June 26, 2001

---

[1] After the plaintiff filed this appeal, the defendant Metropolitan Property & Casualty Insurance Company filed a motion to dismiss the appeal for lack of a final judgment. This court denied the motion to dismiss without prejudice to raising the issue at oral argument. During oral argument on January 12, 2001, we asked the parties to submit supplemental briefs on the question: "Can subject matter jurisdiction be perfected in an appeal where it did not exist when the appeal was filed?" The parties appeared before us on March 19, 2001, to argue that question.

*Kevin P. Walsh*, with whom, on the brief, was *Robert J. Flanagan, Jr.*, for the appellant (plaintiff).

*Ronald W. Lindlauf, Jr.*, for the appellee (named defendant).

*Jack G. Steigelfest*, for the appellee (defendant Patriot General Insurance Company).

*Opinion*

LANDAU, J. In this uninsured motorist action, the plaintiff, Nicholas D. Galgano, appeals from the judgment rendered in favor of the defendants, Metropolitan Property and Casualty Insurance Company (Metropolitan) and Patriot General Insurance Company (Patriot General), following the granting of their respective motions for summary judgment. On appeal, the plaintiff claims that the trial courts improperly granted the defendants' motions for summary judgment by concluding that a claim for bystander emotional distress under *Clohessy* v. *Bachelor*, 237 Conn. 31, 675 A.2d 852 (1996) (en banc), is a derivative action inextricably attached to the claims of the plaintiff's son, who is not a party to this action. Metropolitan claims that the judgment rendered in its favor should be affirmed on alternate grounds, specifically, on the basis of General Statutes § 38a-336 (d). We dismiss the appeal for lack of a final judgment.

The following facts, as alleged in the complaint, are relevant to our resolution of this appeal. On June 18, 1995, at about 9 p.m., the plaintiff was operating his motorcycle on Franklin Avenue in Torrington. His son, Nicholas A. Galgano, was a passenger on the motorcycle

when it was struck by a motor vehicle, throwing the plaintiff and his son from the motorcycle. The child was transported to Hartford Hospital by Life Star helicopter. The tortfeasor, Jerry Smulski, was operating an unregistered, uninsured vehicle while his license was under suspension.

The plaintiff's son suffered a permanent, debilitating injury to his leg and a traumatic brain injury. The plaintiff suffered personal physical injuries and has lost a significant amount of time from his employment as a result of the accident. He also suffers from a traumatic stress disorder as a result of experiencing firsthand the injuries to his son.

On the date of the accident, the plaintiff had a policy of automobile insurance with Metropolitan, which provided $100,000 in uninsured motorist coverage.[2] The plaintiff also had a policy of insurance from Patriot General that provided $20,000 in uninsured motorist coverage. By way of his two count complaint, one count against each defendant, the plaintiff sought uninsured motorist benefits for his personal injuries and associated losses, and for bystander emotional distress as a result of witnessing the injuries to his son.

When the pleadings were closed, Patriot General filed a motion for summary judgment. Patriot General argued that summary judgment should be rendered in its favor because (1) bystander emotional distress is a derivative action inextricably attached to the claim of the plaintiff's son, who is not a party to this action, (2) the plaintiff's son is not a party to this action, and, therefore, the plaintiff cannot assert a claim of bystander emotional distress and (3) the plaintiff's son has received a settlement in excess of the plaintiff's policy limits.[3]

---

[2] Metropolitan paid the plaintiff's son $100,000 in uninsured motorist benefits.

[3] The basis of Patriot General's motion for summary judgment was not that there were no genuine issues of material fact but that the plaintiff's allegations of bystander emotional distress failed to state a cause of action.

The trial court, *Hon. Walter M. Pickett*, judge trial referee, granted Patriot General's motion for summary judgment, citing only *Martin* v. *Reliance Ins. Co.*, 954 F. Sup. 476, 480 (D. Conn. 1997). The summary judgment rendered addressed only the plaintiff's claim for bystander emotional distress. Neither the plaintiff nor Patriot General asked the court to articulate its reasons for granting the motion. Pursuant to our rules of practice, the plaintiff gave notice of his intent to appeal following the granting of Patriot General's motion for summary judgment. See Practice Book § 61-3.

Metropolitan also filed a motion for summary judgment on the grounds that (1) the plaintiff's claims were barred by § 38a-336 (d) and (2) the plaintiff's bystander emotional distress claim was barred for the same reasons raised by Patriot General in its motion for summary judgment. The trial court, *Kocay, J.*, granted Metropolitan's motion for summary judgment, stating that the issues were identical to those presented by Patriot General and that the motion similarly should be granted in accordance with *Martin* v. *Reliance Ins. Co.*, supra, 954 F. Sup. 480.[4] The court did not address Metropolitan's claim that the motion for summary judgment should be granted on the basis of § 38a-336. Metropolitan did not file a motion for reargument requesting that the court address its § 38a-336 claim, and neither party sought an articulation.

The plaintiff prepared a judgment file that was signed by a clerk and appealed to this court. Subsequent to the filing of the appeal, Metropolitan filed a motion to

---

We note that a motion to strike is the proper manner in which to contest the legal sufficiency of the allegations of a complaint. See Practice Book § 10-39.

[4] Because we do not reach the issue of bystander emotional distress, we take no position with respect to whether a claim for bystander emotional distress is a derivative claim or whether *Martin* v. *Reliance Ins. Co.*, supra, 954 F. Sup. 480, is applicable.

dismiss the appeal for lack of a final judgment. This court denied the motion without prejudice to raising the issue at the time of full argument. The question of final judgment was raised again during oral argument. See *Governor's Grove Condominium Assn., Inc.* v. *Hill Development Corp.*, 187 Conn. 509, 511 n.6, 446 A.2d 1082 (1982), overruled on other grounds, *Morelli* v. *Manpower, Inc.*, 226 Conn. 831, 628 A.2d 1311 (1993).

I

We first consider that portion of the plaintiff's appeal pertaining to the granting of Patriot General's motion for summary judgment, which we dismiss for want of a final judgment.

Count two of the complaint seeks uninsured motorist benefits, pursuant to the plaintiff's policy with Patriot General, for personal injuries and bystander emotional distress.[5] "The purpose of a complaint . . . is to limit the issues at trial, and it is calculated to prevent surprise. . . . It must provide adequate notice of the facts claimed and the issues to be tried." (Citation omitted; internal quotation marks omitted.) *New Milford Savings Bank* v. *Roina*, 38 Conn. App. 240, 244, 659 A.2d 1226, cert. denied, 235 Conn. 915, 665 A.2d 609 (1995). Patriot General filed a motion for summary judgment with respect to the plaintiff's claim for bystander emotional distress only, although its motion did not in any way indicate that it sought a partial summary judgment. The court granted the motion for summary judgment without considering the allegations of personal injury. Neither the plaintiff nor Patriot General brought the matter to the court's attention, and it is possible that

[5] In count two, paragraph eight contains allegations of personal injuries that the plaintiff sustained in the accident, paragraph nine alleges a claim for bystander emotional distress, paragraph ten alleges loss related to absences from employment, and paragraph eleven alleges loss of past and future life's enjoyment.

they were not aware of the distinction until Metropolitan filed its motion to dismiss the plaintiff's appeal for lack of a final judgment.

This court lacks jurisdiction to hear an appeal that is not taken from a final judgment. See General Statutes § 52-263; Practice Book § 61-4; *State* v. *Curcio,* 191 Conn. 27, 30, 463 A.2d 566 (1983). *Curcio* sets forth the test to determine whether an appeal is taken from a final judgment. "An otherwise interlocutory order is appealable in two circumstances: (1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them." *State* v. *Curcio,* supra, 31.

Here, the summary judgment rendered in favor of Patriot General did not conclude the rights of the parties because it did not encompass the plaintiff's claim for personal physical injuries and associated claims. This court, therefore, lacks subject matter jurisdiction, and that portion of the plaintiff's appeal as to Patriot General is dismissed.

II

We now turn to the judgment rendered in favor of Metropolitan. The plaintiff claims that the court improperly granted Metropolitan's motion for summary judgment when it concluded that a bystander emotional distress claim is a derivative action. On appeal, Metropolitan argues that we should affirm the summary judgment on alternate grounds, namely, § 38a-336 (d),[6]

---

[6] General Statutes § 38a-336 (d) provides in relevant part: "If any person insured for uninsured and underinsured motorist coverage is an occupant of an owned vehicle, the uninsured and underinsured motorist coverage afforded by the policy covering the vehicle occupied at the time of the accident shall be the *only* uninsured and underinsured motorist coverage available." (Emphasis added.)

which was the primary ground it relied on in its motion for summary judgment.[7] The plaintiff did not address Metropolitan's argument regarding § 38a-336 (d) in the trial court or in his brief to this court.[8] We also do not address Metropolitan's claim because the plaintiff's appeal with regard to it suffers the same jurisdictional infirmity as the portion of the appeal concerning Patriot General. The motions for summary judgment were both decided on the same ground and addressed only a portion of the complaint, e.g., the bystander emotional distress claims. In dismissing the appeal, we offer no opinion as to the merits of Metropolitan's § 38a-336 (d) claim.[9] The appeal as to Metropolitan is also dismissed.

The appeal is dismissed.[10]

In this opinion the other judges concurred.

---

[7] In support of its motion for summary judgment, Metropolitan submitted, among other things, the plaintiff's responses to Metropolitan's requests for admission. The plaintiff admitted that he was the owner and operator of the motorcycle involved in the accident. He also admitted that he had registered and insured the motorcycle in his name, and that it was insured by Patriot General. Metropolitan submitted a certified copy of its policy of insurance that revealed that the motorcycle is not an insured vehicle under the policy.

[8] Metropolitan's claim is that, pursuant to § 38a-336 (d), as a matter of law, it is not responsible for either the plaintiff's claims for personal injuries and associated losses, or his claim for bystander emotion distress.

[9] Although Metropolitan was the first to raise the question of final judgment on appeal, it elected not to file a supplemental brief on that question.

[10] As to the issue that we asked the parties to address in their supplemental briefs, a jurisdictional defect renders an appeal void ab initio and can not be corrected. *Stroiney* v. *Crescent Lake Tax District*, 197 Conn. 82, 86 n.3, 495 A.2d 1063 (1985).

The plaintiff relies on *Zamstein* v. *Marvasti*, 240 Conn. 549, 692 A.2d 781 (1997), which is factually distinct. Here, the plaintiff has not withdrawn his personal physical injury claim and has taken the position that there is a final judgment or, alternatively, if this court determines that there is no final judgment, that we dismiss the appeal with an explanation so that the case may return to the trial court for further proceedings.