******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

IN RE ZEN T.*
(AC 38305)

Gruendel, Prescott and Schaller, Js.**

*Argued February 11—officially released April 19, 2016***

(Appeal from Superior Court, judicial district of Middlesex, Child Protection Session, Gleeson, J. [judgment]; Abery-Wetstone, J. [adoption decree]; Frazzini, J. [motion to open, set aside adoption decree].)

*Heather S.*, self-represented, the appellant (respondent mother).

*Michael Besso*, assistant attorney general, with whom, on the brief, were *George Jepsen*, attorney general, *Gregory T. D'Auria*, solicitor general, and *Benjamin Zivyon*, assistant attorney general, for the appellee (petitioner).

*Opinion*

SCHALLER, J. The respondent, Heather S., whose parental rights had been terminated in a prior proceeding, appeals from the judgment of the trial court dismissing, on the basis of lack of subject matter jurisdiction, her motion to open and set aside the adoption of her minor child, Zen T. We affirm the judgment of the trial court.

This court affirmed the judgment of the trial court terminating the respondent's parental rights in *In re Zen T.*, 149 Conn. App. 376, 88 A.3d 1286, cert. denied, 312 Conn. 911, 93 A.3d 593 (2014). In that opinion, we set forth the following facts and procedural history: "The petitioner, the Commissioner of Children and Families . . . filed a petition with the court, requesting that the parental rights of the [respondent] be terminated. The statutory ground alleged in the petition against the [respondent was] that the child [had] been denied, by reason of an act or acts of parental commission or omission, including, but not limited to, sexual molestation or exploitation, severe physical abuse or a pattern of abuse, the care, guidance, or control necessary for the child's physical, educational, moral, or emotional well-being, [pursuant to] General Statutes § 17a-112 (j) (3) (C). The matter was tried to the court . . . . The [respondent] was present and was represented at trial by counsel. . . . The petitioner called nine witnesses and introduced twenty exhibits. [The respondent] called nine witnesses, testified in her own behalf and introduced twenty-one exhibits.

"After the trial concluded, the court held that the petitioner proved, by clear and convincing evidence, that: (1) the Department of Children and Families (department) made reasonable efforts to reunify the family, as required by § 17a-112 (j) (1); (2) termination was in the best interest of the child, pursuant to § 17a-112 (j) (2); and (3) with respect to § 17a-112 (j) (3) (C), the child's various fractures and hematomas were serious physical injuries that were nonaccidental or were otherwise inadequately explained. The court further found that all seven grounds for termination delineated in § 17a-112 (k) existed. It then ordered the termination of the [respondent's] parental rights." (Footnote omitted; internal quotation marks omitted.) Id., 378–79.

In her appeal from the termination judgment, the respondent claimed that she was denied effective assistance of counsel. Id., 379. This court determined that the respondent "did not meet her burden of demonstrating that any alleged inadequacy of counsel prejudiced her in a way that affected the outcome of the termination proceeding." Id., 384. We therefore affirmed the judgment of the trial court. Id.

This court set out the subsequent procedural history

of the termination of parental rights case in *In re Zen T.*, 151 Conn. App. 724, 95 A.3d 1258, cert. denied, 314 Conn. 911, 100 A.3d 403 (2014), cert. denied sub nom. *Heather S.* v. *Commissioner of Children & Families*, U.S. , 135 S. Ct. 2326, 191 L. Ed. 2d 991 (2015): "After she had filed her first appeal, the [respondent] filed a motion in the trial court to open or set aside the judgment on December 30, 2013, approximately four months after that court's judgment. She alleged ineffective assistance of counsel, unethical practices by the department, insufficient evidence, the unconstitutionality of § 17a-112, and a violation of her right to be heard as the bases for her motion.

"The court held a hearing on January 16, 2014, at which time the [respondent] filed an amended motion to open and set aside the judgment. The court issued an oral ruling denying the [respondent's] amended motion because she failed to allege or establish that granting the motion was in the best interest of Zen T. as required by General Statutes § 45a-719." (Footnotes omitted.) Id., 727–28. This court then affirmed the judgment of the trial court. Id., 732.

On October 17, 2014, the Superior Court, *Abery-Wetstone, J.*, approved the adoption of Zen T.[1] On February 17, 2015, the respondent filed the motion to open that forms the basis of the present appeal. Therein, she claimed that the petitioner, the Commissioner of Children and Families, had failed to provide an accurate declaration that there were no proceedings pending or contemplated[2] affecting the custody of the child to be adopted, as required by General Statutes § 45a-727 (a) (2).[3] The petitioner objected on the ground that the respondent lacked standing to move to open the adoption. The trial court, *Frazzini, J.*, heard argument on the respondent's motion and permitted the respondent to file a posthearing brief on the issue of standing. The court subsequently raised the issue of mootness and ordered both parties to provide supplemental briefing on it. It then determined that it lacked subject matter jurisdiction due to mootness, finding that because the proceedings the respondent claimed were pending at the time of the adoption had subsequently been decided adversely to her, her claim was moot.[4] This appeal followed.

The respondent claims on appeal that she has standing because the adoption has the effect, pursuant to General Statutes § 45a-719, of preventing her from filing any further motions to open the termination of parental rights, and that her motion to open is not moot because the court could open the adoption and stay its enforcement pending resolution of her challenges to the termination of parental rights, or in the alternative that an exception to the mootness doctrine applies. The petitioner claims that the respondent lacks standing, and, therefore, the dismissal was proper. We conclude that

the court properly determined that it lacked subject matter jurisdiction, but we do so on standing, rather than mootness, grounds.[5]

"Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he [or she] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy. . . . Where a party is found to lack standing, the court is consequently without subject matter jurisdiction to determine the cause. . . . Our review of this question of law is plenary." (Citations omitted; internal quotation marks omitted.) *J.E. Robert Co.* v. *Signature Properties, LLC*, 309 Conn. 307, 318, 71 A.3d 492 (2013). Standing "is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate non-justiciable interests . . . ." (Internal quotation marks omitted.) *Harris* v. *Zoning Commission*, 259 Conn. 402, 409–10, 788 A.2d 1239 (2002).

General Statutes § 45a-707 (8) defines "Termination of Parental Rights" in relevant part as "the complete severance by court order of the legal relationship, with all its rights and responsibilities, between the child and the child's parent or parents *so that the child is free for adoption* . . . ." (Emphasis added.) "[T]he state has a vital interest in expediting the termination proceedings . . . ." (Internal quotation marks omitted.) *In re Jonathan M.*, 255 Conn. 208, 233, 764 A.2d 739 (2001). Despite this interest in expedited proceedings, in order to protect the rights of the biological parent, General Statutes § 46b-129b (a) provides in relevant part that the commissioner may file a petition for adoption only "after the expiration of any appeal or appeal period"[6] following the termination of parental rights, and General Statutes § 45a-719 provides in relevant part that "[t]he court may grant a motion to open or set aside a judgment terminating parental rights . . . provided the court shall consider the best interest of the child, except that no such motion or petition may be granted if a final decree of adoption has been issued prior to the filing of any such motion or petition. . . ."[7] The respondent has taken advantage of both of these avenues for protecting her rights, by appealing the judgment terminating her parental rights, moving to open that judgment and appealing from the judgment denying her motion to open. See *Meinket* v. *Levinson*, 193 Conn. 110, 113, 474 A.2d 454 (1984) ("[w]e have strongly disfavored collateral attacks upon judgments because such belated litigation undermines the important principle of finality").

Now that her parental rights have been terminated, the respondent has no more right to challenge the adoption than any member of the public. The definition of termination of parental rights itself states that its pur-

pose is to cut off the legal rights of a parent so that an adoption can occur. It would be antithetical to this purpose if the adoption statutes or the statute that governs a motion to open a termination of parental rights gave the respondent rights that the termination of parental rights statute is intended to terminate.

The respondent claims that she still has an interest in the adoption due to the potential that her motion to open the termination of parental rights could eventually be granted. The respondent's various attempts to open the termination of parental rights judgment do not make the judgment any less final. Our Supreme Court and this court have previously noted this in other contexts. "[T]he fact that the trial court has the power to open a judgment . . . does not mean that the judgment is not final for purposes of appeal . . . ." (Internal quotation marks omitted.) *RAL Management, Inc.* v. *Valley View Associates*, 278 Conn. 672, 687, 899 A.2d 586 (2006), quoting *Governors Grove Condominium Assn., Inc.* v. *Hill Development Corp.*, 187 Conn. 509, 510 n.2, 446 A.2d 1082 (1982), overruled on other grounds by *Morelli* v. *Manpower, Inc.*, 226 Conn. 831, 834, 628 A.2d 1311 (1993). Likewise, discovery is not available to a party who has moved to open a judgment because "[u]ntil a motion to open has been granted, the earlier judgment is unaffected, which means that there is no active civil matter." *Bruno* v. *Bruno*, 146 Conn. App. 214, 230, 76 A.3d 725 (2013). These same principles apply here; as long as the motion to open the termination of parental rights has not been granted, the parental relationship between the child and the respondent, with all its rights and responsibilities, has been severed, and the child is free for adoption. See General Statutes § 45a-707 (8). Therefore, we conclude that, under the circumstances of this case,[8] the respondent lacked standing to move to open the approval of the adoption.

The judgment is affirmed.

In this opinion the other judges concurred.

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79a-12, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

** The listing of judges reflects their seniority status on this court as of the date of oral argument.

*** April 19, 2016, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

[1] As noted by the trial court, the child's name was changed following the termination of parental rights; like the trial court, we will refer to the child by his former name for consistency.

[2] The respondent's motion for reconsideration of the Supreme Court's denial of her petition for certification to appeal from this court's affirmance of the trial court's denial of her first motion to open, was pending at the time the adoption was approved. The motion was filed on October 6, 2014, and denied by the Supreme Court on October 22, 2014, five days after the adoption decree. She had also filed a motion for reconsideration of her motion to stay adoption proceedings pending her anticipated appeal to the United States Supreme Court with this court on October 9, 2014, but this motion was denied on October 14, 2014, three days before the adoption decree. The respondent filed a petition for a writ of certiorari to the United

States Supreme Court on March 23, 2015. It was denied on May 18, 2015. She petitioned for rehearing on June 12, 2015, and her petition for rehearing was denied on July 20, 2015. She again moved to open the termination of parental rights on October 24, 2014, and petitioned for a new termination trial on November 21, 2014. The trial court denied the motion to open on November 24, 2014, and the petition for a new trial on November 21, 2014. The respondent concedes that her pending motions have been decided adversely to her, but maintains that these denials were due to the adoption; the judges who denied her motions did not state their reasons.

[3] General Statutes § 45a-727 (a) (2) provides: "The application shall incorporate a declaration that to the best of the knowledge and belief of the declarant there is no other proceeding pending or contemplated in any other court affecting the custody of the child to be adopted, or if there is such a proceeding, a statement in detail of the nature of the proceeding and affirming that the proposed adoption would not conflict with or interfere with the other proceeding. The court shall not proceed on any application which does not contain such a declaration. For the purposes of this declaration, visitation rights granted by any court shall not be considered as affecting the custody of the child."

[4] The respondent moved to reargue her motion to open on August 25, 2015, moved for an articulation of the trial court's decision on September 30, 2015, and moved for this court to review the trial court's denial of her motion for articulation on October 13, 2015. Each motion was denied, on September 1, 2015, October 1, 2015, and October 15, 2015, respectively.

[5] Because we have determined that the respondent lacks standing, we make no determination regarding the court's mootness analysis or the respondent's additional arguments regarding the constitutionality of § 45a-719.

[6] General Statutes § 46b-129b (a) provides: "If the Superior Court grants a petition to terminate parental rights and appoints the Commissioner of Children and Families as statutory parent, the commissioner may, after the expiration of any appeal or appeal period, file a petition for adoption, together with a written agreement of adoption, in the Superior Court that granted the termination of parental rights."

[7] General Statutes § 45a-719 provides: "The court may grant a motion to open or set aside a judgment terminating parental rights pursuant to section 52-212 or 52-212a or pursuant to common law or may grant a petition for a new trial on the issue of the termination of parental rights, provided the court shall consider the best interest of the child, except that no such motion or petition may be granted if a final decree of adoption has been issued prior to the filing of any such motion or petition. Any person who has legal custody of the child or who has physical custody of the child pursuant to an agreement, including an agreement with the Department of Children and Families or a licensed child-placing agency, may provide evidence to the court concerning the best interest of the child at any hearing held on the motion to reopen or set aside a judgment terminating parental rights. For the purpose of this section, 'best interest of the child' shall include, but not be limited to, a consideration of the age of the child, the nature of the relationship of the child with the caretaker of the child, the length of time the child has been in the custody of the caretaker, the nature of the relationship of the child with the birth parent, the length of time the child has been in the custody of the birth parent, any relationship that may exist between the child and siblings or other children in the caretaker's household, and the psychological and medical needs of the child. The determination of the best interest of the child shall not be based on a consideration of the socioeconomic status of the birth parent or the caretaker."

[8] Although there may be circumstances in which a biological parent, who has had his or her parental rights terminated, may have standing to challenge the decree of adoption, such circumstances are not presented here.

———————————————————————