******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

## IN RE OMAR I. ET AL.*
## (AC 45092)

Alvord, Prescott and DiPentima, Js.

*Syllabus*

The respondent father, whose parental rights to his three minor children previously had been terminated, appealed to this court from the judgment of the trial court denying his motion to open and set aside the adoptions of the children, claiming that he had not received timely and proper notice of the court's prior ruling regarding his amended petition for a new trial. *Held* that, although the trial court properly determined that the respondent father lacked standing to challenge the adoption decrees, that court having correctly determined that, because notice of its ruling regarding his amended petition for a new trial had been sent timely and properly, the father's parental rights had been adjudicated fully and fairly prior to its issuance of the decrees, the court should have dismissed the father's motion rather than denied it on its merits.

Argued May 25—officially released July 20, 2022**

*Procedural History*

Petitions by the Commissioner of Children and Families to adjudicate the respondents' three minor children neglected, brought to the Superior Court in the judicial district of New Britain and tried to the court, *Lobo, J.*; judgments adjudicating the minor children neglected and committing them to the custody of the Commissioner of Children and Families; thereafter, petitions by the three minor children to terminate the respondent parents' parental rights, brought to the Superior Court in the judicial district of Middlesex, Child Protection Session, and tried to the court, *Burgdorff, J.*; subsequently, the court, *Burgdorff, J.*, denied the respondent father's motions to revoke the court's order committing the minor children to the custody of the Commissioner of Children and Families and rendered judgments terminating the respondents' parental rights, from which the respondent father appealed to this court, *Lavine, Keller* and *Bishop, Js.*, which affirmed the judgments of the trial court; thereafter, the trial court, *Huddleston, J.*, rendered judgment denying the motion of the respondent father to open and set aside adoption decrees issued for the minor children, from which the respondent father appealed to this court. *Improper form of judgment*; *reversed*; *judgment directed*.

*Ammar I.*, self-represented, the appellant (respondent father).

*Andrei Tarutin*, assistant attorney general, with whom, on the brief, were *William Tong*, attorney general, and *Evan O'Roark*, assistant attorney general, for the appellee (petitioner Commissioner of Children and Families).

*Brian T. Walsh*, assigned counsel, with whom, on the brief, were *Katarzyna Maluszewski*, assigned counsel, and *Robert W. Lewonka*, assigned counsel, for the appel-

lees (minor children).

*Opinion*

PER CURIAM The self-represented respondent, Ammar I., whose parental rights had been terminated in a prior proceeding,[1] appeals from the judgment of the trial court denying his motion to open and set aside the adoptions of his three minor children, Omar I., Safiyah I. and Muneer I.,[2] on the ground that he lacked standing under *In re Zen T.*, 165 Conn. App. 245, 252–54, 138 A.3d 469, cert. denied, 322 Conn. 905, 138 A.3d 934 (2016), cert. denied sub nom. *Heather S.* v. *Connecticut Dept. of Children and Families*, 580 U.S. 1135, 137 S. Ct. 1111, 197 L. Ed. 2d 214 (2017). On appeal, the respondent claims that he did not receive timely and proper notice of the court's July 27, 2021 ruling regarding his amended petition for a new trial so that the court incorrectly determined that he lacked standing to challenge the adoption decrees issued on August 20, 2021. We conclude that, because the court correctly determined that notice of its July 27, 2021 decision had been sent properly to the respondent the same date as its issuance, the respondent's parental rights had been adjudicated fully and fairly prior to the issuance of the adoption decrees. Thus, the court properly determined that the respondent lacked standing to challenge the adoption decrees.[3] See *In re Zen T.*, supra, 252–54; see also Practice Book § 7-5 ("[t]he clerk shall give notice, by mail *or by electronic delivery*, to the attorneys of record and self-represented parties" (emphasis added)).

We further conclude, however, that the form of the court's judgment is improper. The court should have dismissed, rather than denied, the motion to open and set aside. Accordingly, we reverse the judgment and remand the case to the trial court with direction to dismiss the motion to open and set aside. See *State* v. *Tabone*, 301 Conn. 708, 715, 23 A.3d 689 (2011) ("[w]hen a trial court mistakenly denies a motion instead of dismissing it for lack of subject matter jurisdiction, the proper remedy is to reverse the order denying the motion and remand the case with direction to dismiss the motion").

The form of the judgment is improper; the judgment is reversed and the case is remanded with direction to render judgment dismissing the motion to open and set aside the adoption decrees.

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79a-12, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

** July 20, 2022, the date this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

[1] See *In re Omar I.*, 197 Conn. App. 499, 504, 231 A.3d 1196, cert. denied, 335 Conn. 924, 233 A.3d 1091, cert. denied sub nom. *Ammar I.* v. *Connecticut*, U.S. , 141 S. Ct. 956, 208 L. Ed. 2d 494 (2020).

[2] The three minor children, each of whom is represented by separate counsel, filed a single brief. Counsel for the Commissioner of Children

and Families and counsel for Omar participated in oral argument before this court.

[3] In light of our conclusion that he lacked standing to pursue his motion to open and set aside the adoptions, we need not address the respondent's claim that his procedural due process rights were violated by the court's failure to hold a hearing.

---