MARY DIRTON *v.* CHARLES MCCARTHY, JR.

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued November 8, 1961—decided January 16, 1962

*Howard T. Owens, Jr.,* for the appellant (plaintiff).

*Thomas J. Bepko,* with whom was *Richard P. Bepko,* for the appellee (defendant).

MURPHY, J. The plaintiff's case, which had been pending more than two years, was discontinued at the annual call of the docket on May 6, 1960. No request for a continuance was filed and no motion to restore to the docket was made under the rules then in effect. Practice Book § 193 (Cum. Sup.

1959), § 194.[1] The action of the court in discontinuing the case was a final judgment. *Glazer* v. *Rosoff*, 120 Conn. 120, 122, 179 A. 407.

On September 9, 1960, the plaintiff moved to restore the case to the docket, but since the term in which the judgment had been rendered had expired, the motion was denied. *Foley* v. *George A. Douglas & Bro., Inc.*, 121 Conn. 377, 379, 185 A. 70. Thereafter, she filed a motion to declare the action striking the case a nullity and to strike the discontinuance from the record. The court denied this motion, and the plaintiff appealed on October 4, 1960.

Although the appeal is from the judgment of discontinuance and the only error assigned is in the discontinuance of the action without notice, the parties have chosen to present to us the question whether the court erred in not granting the motion to strike the discontinuance. We treat that motion, as did the court and counsel, as invoking the general equity power of the court to nullify the judgment. The issue before the court, therefore, was the same as if the plaintiff, instead of electing to proceed by motion, had chosen to bring an action in equity to set aside the judgment under the rule of cases such as *Jarvis* v. *Martin*, 77 Conn. 19, 20, 58 A. 15. It was essential for her to show that the situation complained of did not arise from her own or her attorney's negligence or inattention. Her motion states that her attorney had resigned from the bar on February 6, 1959, and that she had not been given notice of the discontinuance. These allegations required evidence, and it does not appear that

---

[1] The text of § 193 as amended September 1, 1959, is the same as the original rule on page 92 of the Practice Book in all particulars material to this case.

any was offered. No facts appear from which the diligence of the plaintiff or her attorney could be determined. Without a finding of facts we are unable to review either the conclusion of the court that the plaintiff failed to act diligently or the propriety of its denial of her motion. Equity and justice require a remand in order that evidence may be produced from which a finding of facts may be made and conclusions of law drawn.

There is error, the order denying the motion to nullify the discontinuance is set aside and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.