[Civ. No. 30172.   Second Dist., Div. Three.   Mar. 3, 1966.]

VASA CUBALEVIC, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; CONTINENTAL CULTURE SPECIALISTS et al., Real Parties in Interest.

*Assigned by the Chairman of the Judicial Council.

Wirin, Rissman, Okrand & Posner and Paul M. Posner for Petitioner.

No appearance for Respondent.

Mantalica, Barclay & Teegarden and Frank Barclay for Real Parties in Interest.

FRAMPTON, J. pro tem.*—Prohibition to restrain the respondent court from proceeding with a hearing to determine the fair cash value of petitioner's stock under the provisions of the Corporations Code.

Petitioner is the owner of 50 percent of the outstanding capital stock of the defendant Continental Culture Specialists and is the plaintiff in an action commenced in the respondent court on August 12, 1965, entitled "VASA CUBALEVIC, Plaintiff vs. CONTINENTAL CULTURE SPECIALISTS, a California corporation; NUTRITION SUPPLY Co., a California corporation; LINDBERG NUTRITION SERVICE, a California corporation; LINDBERG NUTRITION SERVICE doing business as AMPERSAND PRINTING SERVICE; WALTER H. LINDBERG, ROBERT D. LINDBERG and DOES I through X, inclusive, Defendants," number 866307. The third cause of action in the complaint sought the involuntary dissolution of the defendant Continental Culture Specialists, hereinafter referred to as Continental, a corporation organized and existing under the laws of the State of California. The third cause of action was brought pursuant to the provisions of sections 4650 et seq. of the Corporations Code.

The first cause of action alleged that some of the defendants, who were directors and officers of Continental, had engaged in fraud, dishonesty and gross abuse of authority and discretion

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

in their conduct of the business affairs of the corporation thus causing damage to the corporation and to petitioner as a stockholder, and sought injunctive relief. The second cause of action alleged facts similar to those set out in the first cause of action and was in the nature of a stockholders derivative suit, and sought an accounting and damages. The fourth and fifth causes of action sought damages for breach of contract and for money due.

The petition shows that the real parties in interest filed an answer to the complaint and filed a cross-complaint in neither of which was set forth an election to purchase the shares of stock in Continental owned by petitioner, under the provisions of section 4658[1] and section 4659[2] of the Corporations Code.

On September 13, 1965, Walter H. Lindberg, one of the real parties in interest, filed a "Notice of Motion for Order Staying Involuntary Dissolution Proceeding and Order Appointing Commissioners to Appraise Value of Stock," hereinafter referred to as "the motion." The purport of the motion and

---

[1] "In any such suit the holders of 50 percent or more of the outstanding shares of the corporation may avoid the appointment of a receiver or the dissolution of the corporation by purchasing the shares of stock owned by the plaintiffs at their fair cash value.

"If the holders of 50 percent or more of the outstanding shares of the corporation (a) elect to purchase the shares owned by the plaintiffs, and (b) are unable to agree with the plaintiffs upon the fair cash value of such shares, and (c) give bond with sufficient security to protect the interests and rights of the plaintiffs and to assure to the plaintiffs the payment of the value of their shares, the court shall stay the proceeding and shall proceed to ascertain and fix the value of the shares owned by the plaintiffs."

[2] "The court shall appoint three disinterested commissioners to appraise the fair value of the shares owned by the plaintiffs, and shall make an order referring the matter to the commissioners so appointed for the purpose of ascertaining such value. The order shall prescribe the time and manner of producing evidence, if evidence is required.

"The award of the commissioners or of a majority of them, when confirmed by the court, shall be final and conclusive upon all parties, and the court shall enter a decree for the amount of the award against the shareholders electing to purchase and the surety or sureties on the bond. The decree may be enforced in the same manner as other decrees and judgments of the superior court. The decree may be in the alternative, and provide for winding up and dissolution of the corporation unless payment is made for the shares within the time specified by the decree. Any shareholder aggrieved by the action of the court may appeal therefrom.

"The holders of 50 percent or more of shares electing to purchase shall pay to plaintiff shareholders the value of their shares ascertained and decreed pursuant to this section or, in case of an appeal, as fixed on appeal. On receiving such payment or the tender thereof, the plaintiff shareholders shall transfer their shares to the shareholders electing to purchase."

supporting documents was that since petitioner had commenced an action for the involuntary dissolution of Continental and that Walter H. Lindberg, together with his wife, owned 50 percent of the total outstanding shares of Continental, the Lindbergs elected, and were entitled to purchase petitioner's shares pursuant to the provisions of sections 4658 and 4659 of the Corporations Code.

The motion came on for hearing on October 14, 1965, but prior to argument or ruling on the motion the petitioner filed a written dismissal with prejudice of the third cause of action wherein he sought the involuntary dissolution of Continental. The dismissal was accepted and filed in the action by the clerk of the court. After the dismissal with prejudice had been filed, the trial judge, over petitioner's objection, made the following order: "THEREFORE: The Court will, by its formal order, ORDER, ADJUDGE AND DECREE: 1. That the Clerk is bound by law to receive, file and be ordered to enter plaintiff's voluntary Request for Entry of Dismissal with Prejudice of the Third Cause of Action of the Complaint; and 2. The Court has no jurisdiction to, upon Motion of Plaintiff, dismiss the said Third Cause of Action, but plaintiff does not need any Order of Court for that purpose. The Court's jurisdiction is limited by Corporations Code Section 4658. 3. The Motion and Petition of Walter H. Lindberg and Gladys F. Lindberg under Corporations Code Sections 4658 and 4659, constitutes a Cross-Complaint to the Third Cause of Action, additionally to the existing 'Cross-Complaint'; 4. The Dismissal of the Third Cause of Action does not affect said Motion and Petition under Corporations Code Sections 4658 and 4659.

"The Court will, therefore, notwithstanding said Dismissal, proceed to ascertain and fix the value of the shares owned by plaintiff, as provided by Corporations Code Section 4659, unless this Court be prohibited from so doing.

"THE MOTION FOR ORDER STAYING INVOLUNTARY DISSOLUTION PROCEEDING AND APPOINTING COMMISSIONERS TO APPRAISE VALUE OF STOCK (Corporations Code 4658, 4659) of Walter H. Lindberg and Gladys Lindberg is continued to the 29th day of October, 1965, at the hour of 9:00 A.M. The Court will at said time and place fix the bond, under Corporations Code Section 4658 and make the orders as provided by Corporations Code Section 4659."

On November 9, 1965, respondent court granted the motion and ordered proceedings to be had "to ascertain and fix the value of said shares owned by plaintiff in said Corporation."

On November 30, 1965, the respondent court appointed Richard S. Sparks as commissioner and directed him "to determine the fair cash value of the 25 shares of common stock of Continental Culture Specialists owned by plaintiff and to report the value thereof to the Court. . . ." Section 4659 of the Corporations Code requires the court to appoint three disinterested commissioners to appraise the fair value of the shares owned by petitioner. There is nothing in the record before us to show that petitioner waived his right to three disinterested commissioners or stipulated that one commissioner could serve instead of the three required by statute. The record is, therefore, not clear as to why the court appointed one appraiser when three were required. A hearing before the commissioner was set for December 7, 1965, and was continued to December 16, 1965. On December 14, 1965, the respondent court stayed further proceedings pending the outcome on this petition for writ of prohibition.

Section 581 of the Code of Civil Procedure relating to the dismissal of an action, insofar as it is applicable to the problem here presented provides as follows: "An action may be dismissed in the following cases: 1. By plaintiff, by written request to the clerk, filed with the papers in the case, . . . any time before the actual commencement of trial . . . ; provided, that a counter claim has not been set up, or affirmative relief sought by the cross-complaint or answer of the defendant. . . . 5. The provisions of subdivision 1, of this section, shall not prohibit a party from dismissing with prejudice, either by written request to the clerk or oral or written request to the judge, as the case may be, any cause of action at any time before decision rendered by the court. Provided, however, that no such dismissal with prejudice shall have the effect of dismissing a counterclaim or cross-complaint filed in said action or of depriving the defendant of affirmative relief sought by his answer therein. . . ."

■ " 'A cross-complaint is a pleading separate and apart from the answer, and is required to be complete and sufficient in itself. It cannot be aided by averments of the answer' [Citation]. 'These cross-actions, however, are still distinct and independent causes of action, so that when properly interposed and stated the defendant becomes in respect to the matters pleaded by him, an actor, and there are two simultaneous actions pending between the same parties wherein each is at the same time both a plaintiff and a defendant.' [Citation.]" (*Case* v. *Kadota Fig Assn.*, 35 Cal.2d 596, 603

[220 P.2d 912] ; *Alexander* v. *Superior Court*, 170 Cal.App.2d 54, 56 [338 P.2d 502].)    ■    A cross-complaint or a counterclaim contemplate a pleading which states a cause of action upon which relief may be granted. (*Case* v. *Kadota Fig Assn., supra*, at p. 603; Code Civ. Proc., §§ 437, 439; 2 Witkin, Cal. Procedure (1954) Pleading, § 566, p. 1570.) "An action is an ordinary proceeding in a court of justice by which one party prosecutes another for the declaration, enforcement, or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense." (Code Civ. Proc., § 22.) "A civil action is prosecuted by one party against another for the declaration, enforcement or protection of a right, or the redress or prevention of a wrong." (Code Civ. Proc., § 30.)

■    There is no independent right on the part of one or more stockholders in a corporation to compel the sale to them of the shares of stock of another. There being no such independent right it must follow that there could be no cause of action stated to compel such a sale whether by way of a cross-complaint or counterclaim which would survive after dismissal of the action for involuntary dissolution of the corporation in which the remedy of purchase is given. It is apparent that the real parties in interest here could not bring or maintain a separate action against petitioner the purpose of which would be to compel him to sell his stock to them.    ■    Under these circumstances, the remedy provided the real parties in interest under the provisions of section 4658 and section 4659 of the Corporations Code is ancillary to and is dependent upon the existence of the action to compel the involuntary dissolution of the corporation, and upon the dismissal of such action there is nothing left against which the ancillary remedy may be asserted or upon which it may be applied.

In the case at bench, the action for involuntary dissolution having been dismissed with prejudice prior to a decision confirming an award as provided in section 4659 of the Corporations Code, there was left no basis upon which the trial court could make its order, the purpose of which was to ascertain the fair cash value of petitioner's shares and to permit the real parties in interest to purchase them in order to avoid the involuntary dissolution of the corporation. The making of such an order constituted an act in excess of the jurisdiction of the respondent court.

Let the peremptory writ of prohibition issue directing the trial court to set aside its order of November 9, 1965, granting the motion to appraise the value of petitioner's stock, and to

refrain from conducting any further proceedings under the provisions of section 4658 or section 4659 of the Corporations Code.

Ford, J., and Kaus, J., concurred.