RICHARD SUSSMAN *v.* RIVERBANK MOTORS
CORPORATION ET AL.

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued October 11—decided December 6, 1966

*Julius B. Kuriansky,* with whom was *Julian K. Melmed,* for the appellant (defendant Goldstein).

*Arthur S. Sachs,* with whom was *Sonja Goldstein,* for the appellee (plaintiff).

THIM, J.   By complaint dated May 13, 1965, the plaintiff instituted an action, seeking the appointment of a receiver for the defendant Riverbank Motors Corporation for the purpose of winding up the affairs of the corporation under § 33-382 of the General Statutes.   As one of the grounds for relief, the plaintiff alleged in his complaint that he and the defendant Seymour Goldstein each owned 50 percent of the outstanding capital stock of the defendant corporation and that because of this equal division of the stock between them, the management of the corporation is deadlocked, and they have been unable to break the deadlock.

On June 9, 1965, Seymour Goldstein, as shareholder, filed an application to have the fair value of the plaintiff's shares appraised.   The application was in conformity with General Statutes § 33-384, which provides that, when a shareholder's petition for a judicial winding up of a corporation has been filed, any other shareholder may apply to the court to have the fair value of the petitioner's shares appraised and, after such an appraisal, he has the option of purchasing the petitioner's shares at the appraised value.   Before any action was taken on the application, the plaintiff, on June 16, 1965, filed a withdrawal of his action pursuant to § 52-80 of the General Statutes.   Thereafter, the court, on June 29, 1965, denied Goldstein's application for an appraisal on the ground that the action had been withdrawn by the plaintiff in the exercise of his

absolute right to do so. From the order denying his application, Goldstein, hereinafter called the defendant, has appealed to this court, claiming that the lower court erred in denying his application for appraisal and in ruling that the plaintiff had an absolute right to withdraw his petition for a judicial windup. He asserts that § 33-384 of the General Statutes grants a shareholder the right to maintain a derivative shareholder's action, here asserted to be in the nature of a counterclaim, against the shareholder petitioning for a decree dissolving the corporation and that this action should be unaffected by the plaintiff's withdrawal. See Practice Book § 125. The defendant also asserts that, even if § 33-384 of the General Statutes does not authorize the maintenance of a derivative action, it at least vests in a shareholder seeking an appraisal a right which would be prejudiced if the plaintiff is allowed to withdraw his action. The defendant contends that therefore the legislature must have intended that an action filed under § 33-382 of the General Statutes could not be withdrawn once an application for appraisal was filed. See *Trumbull* v. *Ehrsam,* 148 Conn. 47, 56, 166 A.2d 844; *Bristol* v. *Bristol Water Co.,* 85 Conn. 663, 672, 84 A. 314.

The plaintiff asserts, however, that these claims of the defendant are not properly before this court. He argues that the withdrawal of his cause of action resulted in the striking of this case from the docket of the lower court. He claims that, since the case was stricken, the defendant should have moved to have the case restored to the docket, and, if that motion was denied, he should appeal from the denial of the motion to restore. He claims that, since the defendant did not do this, we cannot properly reach

the merits of the defendant's claim because the appeal was improperly taken. His assertion is incorrect. The order of the court which denied the defendant's application for appraisal and which treated the plaintiff's cause of action as properly withdrawn was a final judgment within the meaning of General Statutes § 52-263. See *Dirton* v. *McCarthy,* 149 Conn. 172, 173, 177 A.2d 513. Indeed, contrary to the plaintiff's claim, one cannot properly appeal the denial of a motion to restore a case to the docket. *Glazer* v. *Rosoff,* 120 Conn. 120, 123, 179 A. 407.

We pass, therefore, to the defendant's claim that the legislature by the enactment of § 33-384 of the General Statutes intended to grant to shareholders the right to maintain an independent cause of action against a shareholder seeking a judicial windup of the corporation and that this cause of action is unaffected by the subsequent withdrawal of the action requesting a judicial windup.

We find no intent expressed in any of the subsections of § 33-384 indicating that the legislature meant to create any independent right on the part of a shareholder in a corporation to compel the sale to him of the shares of another stockholder. Absent any such independent right, it must follow that there could be no cause of action stated to compel such a sale by way of a counterclaim which would survive after the withdrawal of the action for dissolution of the corporation. It is apparent that the defendant could not bring or maintain a separate action against the plaintiff to compel him to sell his shares of stock. The application for an appraisal was ancillary to and depended on the existence of the plaintiff's receivership proceeding, and, upon withdrawal of that action, there was

nothing left against which the ancillary remedy could be applied. *Cubalevic* v. *Superior Court,* 240 Cal. App. 2d 557, 562, 49 Cal. Rptr. 698.

The same reasoning requires the rejection of the other claim of the defendant that the filing of the application for appraisal vested in him a right which would be adversely affected if the plaintiff were to withdraw his action. The defendant argues that the legislature must have intended to withhold from a plaintiff the right to withdraw such an action without judicial permission before the commencement of a hearing on the merits thereof, even though that right is granted generally to other plaintiffs under General Statutes § 52-80. It should also be noted that a statute such as § 33-384 affords a shareholder the opportunity of avoiding a termination of the corporation by allowing him to buy out the shareholder seeking dissolution. 2 O'Neal, Close Corporations § 9.05 n.23.10 (Cum. Sup. 1966). The statute specifically states that the opportunity to purchase is granted those shareholders "desiring to continue the corporation." General Statutes § 33-384 (d). The withdrawal of the action by the plaintiff assures that the corporation will continue, for the time being at least, and thus fulfils an obvious purpose of the statute.

There is no error.

In this opinion the other judges concurred.