[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR CLARIFICATION, ETC.
Traffic Net filed this action as a one-count complaint against Angelina Diana on July 26, 1994. The complaint alleged damages for defamation for statements made by Diana in April and May of 1994. Diana is a former employee of Traffic CT Page 3320 Net.
Diana filed a motion to dismiss and for sanctions dated November 4, 1994, seeking to dismiss the complaint on the ground that Traffic Net failed and refused to respond to various discovery requests. On December 14, 1994, the Court, Hale, J., issued a memorandum of decision on the motion to dismiss and for sanctions. The Court ordered Traffic Net to comply with certain production requests by Diana within two weeks or be subject to contempt.
On December 13, 1994, Diana filed an Answer, Affirmative Defenses and Counterclaim to Traffic Net's complaint. Also on December 13, 1994, but after Diana filed her answer and counterclaim, Traffic Net filed a withdrawal and a memorandum in support of the withdrawal. It is these two events that comprise the controversy in dispute before the court.
Traffic Net argues that its withdrawal from the action makes the Court's order to produce documents moot and permits it not to produce the documents. Diana argues that its counterclaim survives Traffic Net's withdrawal, that the action is still alive, and that Traffic Net must comply with the Court's order. In the court's opinion Diana is correct and Traffic Net must produce the documents or be subject to contempt of court for not producing same.
In Connecticut a counterclaim is an independent action.Union Carbide Corporation v. Aetna Casualty and Surety Co.,212 Conn. 311, 318, 562 A.2d 15 (1989). Practice Book §§ 116, 168, 169. "The withdrawal of an action after a counter-claim . . . has been filed therein shall not impair the right of the defendant to prosecute such counter-claim as fully as if said action had not been withdrawn . . . ." Practice Book § 169. Counterclaims survive the withdrawal of the original complaint by the plaintiff. Sussman v. Riverbank Motors Corp.,154 Conn. 289, 292, 224 A.2d 716 (1966); for cases finding the same proposition, see also Lusas v. St. Patrick's RomanCatholic Church, 123 Conn. 166, 168, 193 A.2d 204 (1937), KeyBank of Maine v. Navon, Superior Court, Judicial District of Stamford/Norwalk at Stamford (March 10, 1993, Rush, J.). NewHaven Savings Bank v. Common Constr. Co., Superior Court, Judicial District of Waterbury at Waterbury (December 27, 1993, Sylvester, J.). CT Page 3321
The counterclaim by Diana survives Traffic Net's withdrawal of the original action. Therefore, all prior pleadings and court orders are still relevant and must be complied with by Traffic Net. Diana is entitled to pursue her discovery requests and is entitled to rely on the court's order. Traffic Net is not entitled to avoid producing documents by withdrawing the original action. Accordingly, Diana's counterclaim survives even though Traffic Net withdrew its complaint against Diana.
Traffic Net is granted two weeks from the date of this decision to comply with the court's order of December 14, 1994.
Hale, J