Filed 6/23/23  Kleidman v. California Court of Appeal Second Appellate District CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| PETER KLEIDMAN, Plaintiff and Appellant, v. CALIFORNIA COURT OF APPEAL SECOND APPELLATE DISTRICT et al., Defendants and Respondents. | D079855, D079856, D079933 (Super. Ct. No. 19SMCV01039) |


CONSOLIDATED APPEALS from orders and a judgment of the Superior Court of Los Angeles County, Elaine W. Mandel, Judge.  Affirmed in part, reversed in part, and modified.

Peter Kleidman, in pro. per., for Plaintiff and Appellant.

Lowthorp Richards and Kevin M. McCormick for Defendants and Respondents.

This case arises from a prior action in which Peter Kleidman filed two appeals in the California Court of Appeal, Second Appellate District (Second District).  The Administrative Presiding Justice (APJ) of the Second District dismissed the first appeal as untimely, and Kleidman lost the second appeal

on the merits. He unsuccessfully sought review by the California Supreme Court (Supreme Court) in both appeals.

Dissatisfied with these results, Kleidman then filed this action against the Supreme Court, the Second District, "Division P" of the Second District, the APJ of the Second District (Hon. Elwood P. Lui), and the Judicial Council of California (Judicial Council) (collectively referred to as the Judicial Branch Defendants), as well as the California Legislature and one of the parties to the prior lawsuit. As narrowed over time, his primary complaint against the Judicial Branch Defendants is that his first appeal in the prior action should not have been dismissed as untimely by the APJ acting alone because Article VI, section 3 of the California Constitution required the concurrence of two justices.

On April 24, 2020, the trial court sustained a demurrer to Kleidman's complaint and entered a written order of dismissal in favor of all the Judicial Branch Defendants, including the Second District. On August 24, 2020, the trial court sustained a second demurrer brought by the Second District on behalf of its own "Division P" and entered another order of dismissal in favor of the Second District. On March 3, 2021, the trial court entered a judgment on both demurrers in favor of the Judicial Branch Defendants. In this consolidated appeal, Kleidman appeals from both demurrer orders and the judgment.

Kleidman argues on appeal that: (1) the trial court lacked jurisdiction to rule on the Judicial Branch Defendants' first demurrer to his first through sixth causes of action because he voluntarily dismissed those causes of action about a week before the demurrer hearing; (2) the court erred in ruling that his seventh through ninth causes of action were barred as a matter of law; and (3) the court lacked authority to enter the March 3, 2021 judgment for

2

the Judicial Branch Defendants as a result of its issuance of the April 24, 2020 and August 24, 2020 orders, which he claims also constituted judgments within the meaning of Code of Civil Procedure section 581d.[1]

We agree with Kleidman that the trial court lacked jurisdiction to rule on the first demurrer as to the first five causes of action asserted against the Judicial Branch Defendants. As was his right, Kleidman voluntarily dismissed these claims without prejudice before any tentative or final ruling on the demurrer. Accordingly, we reverse these discrete portions of the April 24, 2020 dismissal order, but otherwise affirm the order. In doing so, we conclude as a matter of law that: (1) the APJ acting alone had authority to dismiss Kleidman's first appeal in the prior action as untimely; (2) the Second District and the APJ are entitled to judicial immunity; and (3) Kleidman's complaint failed to state a claim against the Judicial Council.

We also conclude that the April 24, 2020 dismissal order was a "judgment" for purposes of section 581d. Because that order and judgment resulted in a dismissal of the claims against the Second District (including so-called "Division P") and terminated the litigation between the parties on the merits, we further conclude that the trial court was without jurisdiction to issue the August 24, 2020 dismissal order based on the second demurrer of the Second District and the March 3, 2021 judgment that incorporated both orders. We therefore reverse the August 24, 2020 order and the March 3, 2021 judgment. Our disposition completely resolves the litigation and requires no further proceedings on remand.

---

[1] Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.

FACTUAL AND PROCEDURAL BACKGROUND

We derive our facts from those properly pled in Kleidman's complaint. (See *Moore v. Conliffe* (1994) 7 Cal.4th 634, 638 [the "familiar rules" require that we "treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions, or conclusions of fact or law"]; *Southern California Gas Leak Cases* (2019) 7 Cal.5th 391, 395 [same].) We also may consider matters that have been judicially noticed and exhibits attached to a complaint.[2] (*Tucker v. Pacific Bell Mobile Services* (2012) 208 Cal.App.4th 201, 210.)

A. *Chase Judgment and Appeal*

In November 2013, Kleidman filed a complaint against JPMorgan Chase Bank, N. A. (Chase) and RFF Family Partnership, L.P. (RFF), among other defendants, claiming they had overcharged him interest, fees, and late charges on numerous loans. (*Kleidman v. RFF Family Partnership L.P., et al.* (Los Angeles County Super. Ct., case No. SC121303 (the Underlying Litigation).) In December 2014, Chase, for itself only, demurred to the complaint. Kleidman opposed the demurrer, making arguments only with respect to Chase's demurrer. On June 13, 2014, the trial court sustained Chase's demurrer without leave to amend. That same day, the court issued (1) an "Order Sustaining [Chase's] Demurrer to Plaintiff's First Amended Complaint without Leave to Amend"; and (2) a "Judgment of Dismissal of Plaintiff's First Amended Complaint" (the Chase Judgment). On June 18, 2014, Chase served Kleidman with a "Notice of Entry of Judgment or Order."

---

2     Kleidman's request for judicial notice filed in D079855 is granted. His request for judicial notice in D079856 is denied because all of the items listed are now part of the record or briefing before us as a result of our consolidation of the appeals.

On December 10, 2014, Kleidman filed a notice of appeal from the Chase Judgment. Later that month, the Second District directed Kleidman to show cause why his appeal from the Chase Judgment should not be dismissed based on his purported late-filed notice of appeal. Kleidman responded to the order to show cause in early January 2015, and Chase filed a reply.

Key to the instant litigation, on February 25, 2015, before Kleidman's appeal from the Chase Judgment was assigned to one of the Second District's eight divisions, the APJ of the Second District issued an order dismissing the appeal as untimely. (*Kleidman v. RFF Family Partnership*, *L.P.*, *et al.*, case No. B260735 (the Chase Appeal).) That order explained that the deadline to file a notice of appeal from the Chase Judgment was August 18, 2014, or 60 days after service on June 18, 2014 of the Notice of Entry of Judgment or Order; Kleidman's December 10 notice of appeal was filed "120 days after the deadline" to appeal the Chase Judgment, and thus was untimely; and as a result, the Court of Appeal lacked jurisdiction to hear the appeal from the Chase Judgment. The case caption on the June 16, 2015 remittitur identified the issuing court as the Second District, Division P.

Kleidman filed a motion to vacate the dismissal and reinstate his appeal. The Second District denied the motion. Kleidman also filed a petition for review in the Supreme Court, which the Supreme Court denied in May 2015. (*Kleidman v. RFF Family Partnership*, *L.P.*, *et al.*, case No. S225536.) One year later, in May 2016, Kleidman filed a motion to recall the remittitur, followed by a petition for rehearing and another petition for review, all of which were denied.

B. *RFF Judgment and Appeal*

Meanwhile, the Underlying Litigation involving RFF continued. At a hearing in February 2014, the trial court set the matter for trial on April 20, 2015. Kleidman was served with notice of the trial date. On April 13, 2015, RFF filed and served Kleidman with its witness and exhibit lists, which included the time, date, and location of the April 20 trial. Kleidman, however, did not appear for trial and, as a result, judgment was entered for RFF (the RFF Judgment).

In early June 2015, RFF filed a motion seeking an award of attorney fees and costs based on a contractual fee provision in a loan agreement between it and Kleidman. Kleidman opposed RFF's motion, contending that it was untimely based on the date of entry of the Chase Judgment. The trial court granted the motion and awarded RFF $41,200 in attorney fees.

Kleidman moved to set aside the RFF Judgment and for a new trial, contending that such relief was necessary because of his mistaken belief that the entire action had been dismissed by the Chase Judgment. The trial court denied Kleidman's request, reasoning that, had he exercised " 'ordinary prudence,' " he would not have been " 'surprise[d]' " by the scheduled trial. Kleidman timely appealed the RFF Judgment and the postjudgment orders.

In July 2018, Division Four of the Second District issued an opinion affirming the RFF Judgment, including the fee award. (*Kleidman v. RFF Family Partnership L.P.*, case No. B268541 (the RFF Appeal).) In so doing, the Court of Appeal found that the Chase Judgment was separate and distinct from the RFF Judgment; that the trial court properly exercised its discretion in refusing to vacate the RFF Judgment based on "surprise"; and that RFF, as the prevailing party, was entitled to an award of attorney fees under Civil Code section 1717. The Court of Appeal also briefly addressed

6

the Chase Appeal, rejecting Kleidman's request to vacate the February 25, 2015 dismissal order and reinstate his appeal from the Chase Judgment.

Kleidman sought review in the Supreme Court of the Second District's decision affirming the RFF Judgment and post-judgment orders. (*Kleidman v. RFF Family Partnership*, case No. S250726.) The Supreme Court denied review in September 2018.

C. *The Complaint*

Kleidman filed his complaint in this action in June 2019. He alleged eight claims for declaratory relief and one for writ of mandate. With regard to the Judicial Branch Defendants, he named the Supreme Court in the first, second, third, and fourth causes of action for declaratory relief; he named the Judicial Council in the fourth and eighth causes of action for declaratory relief; he named the Second District in the fifth and seventh causes of action for declaratory relief; and he named the Second District's Division P and APJ in the seventh and eighth causes of action for declaratory relief and ninth cause of action for writ of mandate. No Judicial Branch Defendants were named in the sixth cause of action.

The complaint alleged that "Division P (a.k.a. Pre-docket Division) of the Court of Appeal for the Second Appellate District . . . is a group within the [Second District] which manages and controls appeals filed from Los Angeles County before they are assigned to one of [the Second District's] eight divisions. Division P consists of a single justice, viz, the Administrative Presiding Just[ice] (ex officio) or a designee, and around three, or so, clerks of [the Second District]."

As relevant here, in his prayer for relief, Kleidman requested a judicial declaration that the decisions of the Second District in the Chase and RFF Appeals were void, and that rule 10.1004(c)(2) of the California Rules of

7

Court[3] is void under Article VI, section 3 of the California Constitution and Government Code section 69102 because "any and all judicial power over appeals in [the Second District] is held only by [its] eight divisions." Kleidman also sought a peremptory writ of mandate in connection with the Chase Appeal "commanding Division P and Administrative Presiding Justice Lui (immediately after receipt of the writ) to recall the 6/16/15 Remittitur and assign the appeal to one of [the Second District's] eight divisions."

D.    *First Demurrer*

In late September 2019, the Judicial Branch Defendants demurred to all causes of action asserted against them in Kleidman's complaint, contending that (1) they failed to state facts sufficient to state a cause of action; (2) they were barred by claim preclusion; (3) they were barred by absolute judicial immunity; (4) they were barred by the litigation privilege (Civ. Code, § 47, subd. (b)) and governmental immunity (Gov. Code, § 821.6); and (5) the court lacked jurisdiction over the claim for writ of mandate.

Kleidman filed his opposition to the demurrer in late November 2019, and the Judicial Branch Defendants replied on December 4, 2019. In his opposition, Kleidman argued that: (1) involuntary dismissals of appeals require the concurrence of two justices; (2) the Second District may exercise judicial power only through its eight divisions and Division P is an "illegal tribunal"; (3) he was denied the right to oral argument in the Chase Appeal; (4) the dismissal order and remittitur in the Chase Appeal were invalid; and (5) the Judicial Branch Defendants' arguments had no merit.

On December 5, 2019, before the demurrer hearing and before the trial court issued any tentative or final ruling on the demurrer, Kleidman dismissed without prejudice: (i) the Supreme Court from the action; (ii) his

---

3    All further references to rules are to the California Rules of Court.

fourth and sixth causes of action in their entirety, and (iii) his fifth cause of action against the Second District only.[4] As a result, there were no Judicial Branch Defendants remaining in the first six causes of action; all of Kleidman's claims relating to the RFF Appeal were abandoned; and his only remaining claims in the seventh through ninth causes of action related to the APJ's dismissal of the Chase Appeal as untimely.

At the demurrer hearing, Kleidman argued that the trial court lacked authority to rule on the demurrer to the first six causes of action based on his voluntary dismissal of those claims against the Judicial Branch Defendants.

Despite Kleidman's voluntary dismissal, the trial court on December 11, 2019 sustained the demurrer of the Judicial Branch Defendants without leave to amend as to *all* causes of action originally asserted against them, including those asserted against the Supreme Court before the voluntary dismissal. On April 24, 2020, the court signed and entered a dismissal order on the grounds of judicial immunity and lack of authority to reverse the previous orders of the Second District and the Supreme Court.[5] The signed order dismissed the complaint with prejudice as to all the Judicial Branch Defendants, including the Supreme Court and the Second District.

---

[4]     Kleidman's December 5 request also dismissed the California Legislature from the complaint without prejudice. Five days later, Kleidman separately dismissed RFF from the complaint, also without prejudice. Other than the Judicial Branch Defendants, no other defendants were named in the complaint.

[5]     Kleidman appealed the April 24, 2020 order, which is the subject of D079855.

E.    *Second Demurrer*

In February 2020, while the first demurrer was still pending, the Second District filed a second demurrer on behalf of Division P.  In support, it argued that the complaint failed as a matter of law because Division P was not a separate judicial branch within the Second District and not subject to suit separately from the Second District, and was merely an "internal component or division" of the Second District whose demurrer was sustained without leave to amend in December 2019.  The Second District also advanced several other arguments previously made by the Judicial Branch Defendants in their first demurrer.

At an unreported hearing, the trial court sustained the Second District's second demurrer without leave to amend on the same grounds as the first demurrer—judicial immunity and lack of authority to reverse the previous orders of a higher court.  The court signed and filed another order on August 24, 2020 sustaining the second demurrer and again dismissing the Second District from the case with prejudice.[6]

On March 3, 2021, the trial court entered a separate judgment on the two demurrers in favor of the Judicial Branch Defendants.[7]  We have consolidated Kleidman's three appeals from the orders of April 24, 2020 and August 24, 2020 and the judgment of March 3, 2021.

---

[6]    Kleidman appealed the August 24, 2020 dismissal order, which is the subject of D079856.

[7]    Kleidman appealed the March 3, 2021 judgment, which is the subject of D079933.

DISCUSSION

A.  *Standard of Review*

"In reviewing [a judgment or a final] order sustaining a demurrer . . . we examine the operative complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory." (*T.H. v. Novartis Pharmaceuticals Corp.* (2017) 4 Cal.5th 145, 162). Where the demurrer was sustained without leave to amend, we consider whether the plaintiff could cure the defect by an amendment. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) In the instant case, Kleidman has not requested leave to amend his complaint.

B.  *The Trial Court Erred in Sustaining the Judicial Branch Defendants' Demurrer to the First Through Fifth Causes of Action*

Kleidman contends that the trial court lacked jurisdiction to sustain the Judicial Branch Defendants' demurrer to the first through sixth causes of action in his Complaint because he voluntarily dismissed those claims on December 5, 2019, six days *before* the demurrer hearing. We conclude that his argument has merit as to the first through fifth causes of action asserted against the Judicial Branch Defendants.[8]

Generally, under section 581, a plaintiff may voluntarily dismiss a complaint, or any cause of action asserted in it, with or without prejudice as to any defendant at any time before the "actual commencement of trial." (§ 581, subds. (b)(1), (c); *Panakosta, Partners, LP v. Hammer Lane Management, LLC* (2011) 199 Cal.App.4th 612, 632 ["Under . . . section 581, a plaintiff generally has an unfettered right to dismiss a cause of action before commencement of trial."].) Dismissal " 'is available to [a] plaintiff as a matter

---

[8]    The Judicial Branch Defendants did not address this argument in their respondents' briefs.

11

of right' " and, if in the proper form, " 'the dismissal is effective immediately.' " (*S. B. Beach Properties v. Berti* (2006) 39 Cal.4th 374, 380.)

However, a plaintiff's right to dismiss an action, or a cause of action in a complaint, is not absolute even if the dismissal is before "commencement of trial."[9] Thus, an action may not be voluntarily dismissed " 'where the action has proceeded to a determinative adjudication, or to a decision that is tantamount to an adjudication.' " (*Bank of America, N.A. v. Mitchell* (2012) 204 Cal.App.4th 1199, 1209; accord, *Franklin Capital Corp. v. Wilson* (2007) 148 Cal.App.4th 187, 200 (*Franklin Capital*) ["When the dismissal could be said to have been taken [¶] . . . in the light of a public and formal indication by the trial court of the legal merits of the case, or [¶] . . . in the light of some procedural dereliction by the dismissing plaintiff that made dismissal otherwise *inevitable,* then the voluntary dismissal is ineffective"].)

Here, we conclude that Kleidman's voluntary dismissal of the first through fourth causes of action against the Supreme Court, the fourth cause of action against the Judicial Council, and the fifth cause of action against the Second District, about a week before the demurrer hearing, was effective and not the result of some "formal indication" by the trial court of the merits of the Judicial Branch Defendants' pending demurrer (i.e., a tentative order), or of some procedural problem specific to those claims that made their dismissal "inevitable." (See *Franklin Capital*, *supra*, 148 Cal.App.4th at p. 200.)

---

9      Section 581 defines "commencement of trial" as "the beginning of the opening statement or argument of any party or his or her counsel, or if there is no opening statement, then at the time of the administering of the oath or affirmation to the first witness, or the introduction of any evidence." (§ 581, subd. (a)(6).)

Accordingly, under the plain language of section 581 (*Sierra Club v. Superior Court* (2013) 57 Cal.4th 157, 165–166 (*Sierra Club*)), we conclude that the trial court was without jurisdiction to rule on the demurrer with respect to these dismissed causes of action and its order sustaining them is therefore void. (See *Wells v. Marina City Properties, Inc.* (1981) 29 Cal.3d 781, 784 [concluding a "plaintiff's right to a voluntary dismissal pursuant to subdivision 1 [of former section 581] appears to be absolute" and "[u]pon the proper exercise of that right, a trial court would thereafter lack jurisdiction to enter further orders in the dismissed action"]; *Paniagua v. Orange County Fire Authority* (2007) 149 Cal.App.4th 83, 89 [" '[i]t is a well-settled proposition of law that where the plaintiff has filed a voluntary dismissal of an action . . ., the court is without jurisdiction to act further, and any subsequent orders of the court are simply void' "]; *Sanabria v. Embrey* (2001) 92 Cal.App.4th 422, 425 [an entry of dismissal pursuant to section 581 "terminates the action against the dismissed defendants," allowing the action then to "proceed[] as to other parties"]; *Aetna Casualty & Surety Co. v. Humboldt Loaders, Inc.* (1988) 202 Cal.App.3d 921, 931 ["dismissal of an action by a plaintiff under section 581 . . . is available to plaintiff as a matter of right" and "[f]ollowing entry of such dismissal, the trial court is without jurisdiction to act further in the action . . . except for the limited purpose of awarding costs and statutory attorney's fees"]; *Cubalevic v. Superior Court for Los Angeles County* (1966) 240 Cal.App.2d 557, 562 [trial court acted in excess of its jurisdiction when it made an order determining the fair cash value of petitioner's shares because the involuntary dissolution action had been dismissed prior to issuance of that order].)

We thus reverse the April 24, 2020 dismissal order as to the first five causes of action asserted against the Judicial Branch Defendants.[10]  To avoid an unnecessary remand for further proceedings, we will exercise our authority to modify the order ourselves to reflect no ruling on these claims, because they were no longer properly before the trial court.  (§ 43; Rule 8.264(c)(1).)  Our disposition as to these claims does not require any further proceedings on remand, however, because it does not alter the fact that Kleidman voluntarily dismissed them without prejudice before the demurrer ruling.

C.  *The Trial Court Properly Sustained the Demurrer of the Judicial Branch Defendants to the Seventh Through Ninth Causes of Action*

As a result of Kleidman's December 5, 2019 dismissal, only three causes of action against the Judicial Branch Defendants remained in the complaint: his seventh and ninth causes of action against the Second District and Justice Lui; and his eighth cause of action against the Second District, Justice Lui, and the Judicial Council.  Each of these causes of action was premised on Kleidman's theory that the Second District's APJ lacked the authority to decide on his own whether Kleidman's notice of appeal from the Chase Judgment was timely.  He argues that article VI, section 3 of the California Constitution and Government Code section 69102 required a three-justice panel of one of the Second District's eight divisions to make that

---

[10]  We reject Kleidman's argument for reversal as to the sixth cause of action because none of the Judicial Branch Defendants were named in the sixth cause of action.  Thus, the Judicial Branch Defendants could not have demurred to this cause of action (and did not purport to do so) and the trial court did not rule on it.

14

determination.[11]  Accordingly, Kleidman contends that the APJ's dismissal of his appeal from the Chase Judgment was null and void, and he should now be allowed to pursue the appeal on the merits.

     1.  *The Second District's APJ Acting Alone Had the Authority to Determine the Timeliness of Kleidman's Notice of Appeal from the Chase Judgment*

Article VI, section 3 of the California Constitution provides in relevant part:  "Concurrence of 2 judges *present at the argument* is necessary for a judgment."  (Italics added.)  An almost identical provision, section 2 of Article VI, applies to the Supreme Court and provides in part:  "[c]oncurrence of 4 judges *present at the argument* is necessary for a judgment."  (Italics added.)

The Supreme Court has concluded that sections 2 and 3 of Article VI "may be read as requiring the concurrence of at least two Court of Appeal justices or four Supreme Court justices 'present at the argument' *in those circumstances when the court does hear oral argument*, in order to preclude the participation of justices who did not listen to the argument."  (*Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1256, italics added (*Lewis*).)  The right to oral argument generally applies only to an appeal or original proceeding that " 'is considered *on the merits* and decided by a written opinion . . . .' "  (*Moles v. Regents of University of California* (1982) 32 Cal.3d 867, 871, italics added.)

There is no right to oral argument on the dismissal of an untimely appeal for lack of appellate jurisdiction.  The dismissal of an appeal for lack of appellate jurisdiction "not only is not on the merits, it is unreflective of the

---

[11]    Kleidman pled this theory in his complaint and argued it on the merits in his opposition to the first demurrer and as part of his argument on judicial immunity in his opening and reply briefs on appeal in D079855.

merits . . . ." (*Lackner v. LaCroix* (1979) 25 Cal.3d 747, 750.)  More specifically, the question whether a notice of appeal has been timely filed has nothing to do with the merits of the appeal.  And because there is no right to oral argument on such a dismissal for lack of appellate jurisdiction, the provision of Article VI, section 3 of the California Constitution requiring the concurrence of two justices "present at the argument" does not apply.  (See *Lewis*, *supra*, 19 Cal.4th at p. 1256.)

In re *R.H.* (2009) 170 Cal.App.4th 678 (*R.H.*) provides guidance on this issue.  There, a vexatious litigant argued that applying the vexatious litigant statute to an appeal violated Article VI, section 3 of the California Constitution because it meant that the presiding justice acting alone would decide whether the appeal could be pursued and would pass on the merits of the appeal without an opinion.  (*R.H.*, at p. 701.)  The *R.H.* court disagreed, finding the premise of the appellant's argument "flawed" because under the applicable law's "own terms, the presiding justice in determining whether to permit the appeal to proceed does not pass on its merits.  The presiding justice merely determines if there is an issue to review on appeal." (*Ibid.*)

Here, the APJ in the Underlying Litigation merely assessed whether Kleidman's notice of appeal from the Chase Judgment was timely under the 60-day rule set forth in rule 8.104(a)(1)(B).[12]  This jurisdictional ruling was even farther removed from the merits of the appeal than the presiding justice's decision whether to allow the vexatious litigant to pursue his appeal

---

[12]  Under rule 8.104(a)(1)(B), an appeal must be filed on or before the earliest of "60 days after the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment . . . ."

in *R.H.* Accordingly, we conclude that Kleidman's complaint failed to state a claim for a violation of Article VI, section 3 of the California Constitution.

Kleidman's complaint also failed to allege any violation of Government Code section 69102. This statute provides in relevant part: "The Court of Appeal for the Second Appellate District consists of eight divisions having four judges each." (Gov. Code, § 69102.) Kleidman's complaint acknowledges that the Second District does have "eight divisions." As stated in its internal operating practices and procedures, the Second District has eight divisions with four judges each.[13] (See Internal Operating Practices and Procedures, Second Appellate District, *Organization of the District* ["The Second District covers four counties and consists of eight divisions" and "[e]ach division consists of three Associate Justices and a Presiding Justice"].) Despite its misleading label, Division P is not a separate division; it is merely an administrative designation the Second District uses for motions that are filed and decided before an appeal is assigned to one of its eight divisions. (See *id.* at *Motions* ["Motions filed before a case is assigned to a division are designated 'Division P' motions and are ruled upon by the Administrative Presiding Justice"].) The Second District's use of such an administrative designation for pre-assignment matters ruled on by the APJ does not violate Government Code section 69102.

Because Kleidman's seventh, eighth, and ninth causes of action were each based on the faulty premise that the APJ acting alone lacked the power to dismiss Kleidman's appeal from the Chase Judgment for lack of appellate

---

[13] Kleidman asked the trial court to take judicial notice of the Second District's internal operating practices and procedures, and also provided a copy that is included in the record on appeal. Under Evidence Code sections 452, subdivision (c) and 459, subdivision (a), we take judicial notice of this document.

jurisdiction, we conclude that the trial court correctly sustained the Judicial Branch Defendants' demurrer on these claims without leave to amend.

2. *Judicial Immunity Also Bars the Action Against the Second District and its APJ for Performing their Judicial Functions in the Chase Appeal*

"The concept of judicial immunity is long-standing and absolute, with its roots in English common law.  It bars civil actions against judges for acts performed in the exercise of their judicial functions and it applies to all judicial determinations, including those rendered in excess of the judge's jurisdiction, no matter how erroneous or even malicious or corrupt they may be." (*Howard v. Drapkin* (1990) 222 Cal.App.3d 843, 851 (*Howard*).)

The judicial immunity doctrine derives from " 'a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in [the officer], shall be free to act upon [the officer's] own convictions, without apprehension of personal consequence to [the officer].' " (*Tagliavia v. County of Los Angeles* (1980) 112 Cal.App.3d 759, 762, quoting *Bradley v. Fisher* (1871) 80 U.S. 335, 347.)  It also serves the important public policy of " 'protect[ing] the finality of judgments [and] discourag[ing] inappropriate collateral attacks.' " (*Howard*, *supra*, 222 Cal.App.3d at p. 852.)

Here, Kleidman's three remaining causes of action were premised on acts performed by the APJ and the Second District in "the exercise of their judicial functions"—determining the timeliness of Kleidman's notice of appeal from the Chase Judgment.  (See *Howard*, *supra*, 222 Cal.App.3d at p. 851.)  Under the judicial immunity doctrine, Kleidman therefore was precluded as a matter of law from collaterally attacking that determination in a separate lawsuit against the Second District and its APJ.  (See *ibid*.)  Although judicial immunity does not foreclose some actions seeking *prospective*

18

declaratory relief—such as an action by retired judges against the Chief Justice and the Judicial Council seeking prospective declaratory relief regarding an allegedly discriminatory program for assignment of temporary judges (*Mahler v. Judicial Council of California* (2021) 67 Cal.App.5th 82, 109–110 (*Mahler*))—judicial immunity does foreclose the relief Kleidman is seeking for *retrospective* relief against the Second District and the APJ to declare void final judicial actions taken in a prior appeal.  For this separate reason, we conclude that the trial court properly sustained their demurrer to the seventh through ninth causes of action without leave to amend.

      3.  *The Allegations Against the Judicial Council Fail as a Matter of Law*

      In his eighth cause of action, Kleidman sought declaratory relief against the Judicial Council for promulgating rule 10.1004(c)(2).[14]  Rule 10.1004(c) lists the "Duties" of an APJ, which include the "responsibility" for "Unassigned Matters" in subsection (2):  "The [APJ] has the authority of a presiding justice with respect to any matter that has not been assigned to a particular division."  (Rule 10.1004(c)(2).)  Kleidman alleged that the APJ relied on rule 10.1004(c)(2) in determining the Chase Appeal, and he sought a declaration that this rule is void under Article VI, section 3 of the California Constitution and Government Code section 69102.  We conclude that these

---

[14]    Article VI, section 6 of the California Constitution establishes the Judicial Council, which " 'is a state entity established by the California Constitution to "improve the administration of justice" and set policies and priorities for the judicial branch of government.  The Council is chaired by the Chief Justice of California.' " (*Mahler*, *supra*, 67 Cal.App.5th at pp. 96–97.)  The Judicial Council is authorized to "adopt rules for court administration, practice and procedure" as long as they are not "inconsistent with statute."  (Cal. Const., art. VI, § 6(d).)

allegations against the Judicial Council fail to state a claim as a matter of law.

First, we have already concluded that the APJ's determination of the timeliness of Kleidman's notice of appeal in the Chase Judgment did not implicate Article VI, section 3 of the California Constitution or Government Code section 69102. Accordingly, the allegations in the eighth cause of action that the Judicial Council acted outside its authority by empowering the APJ to make this determination fail as a matter of law.

Second, rule 10.1004(c)(2) merely gives an APJ the same authority as a presiding justice over "any matter" in a case that has not yet been assigned to a division. Such "matter[s]" might include, by way of example only, determining whether a vexatious litigant's appeal has merit or is being brought for purposes of harassment or delay (see *R.H.*, *supra*, 170 Cal.App.4th at p. 701); or ruling on applications or motions for calendar preference (rule 8.240), extensions of time to "file records, briefs, or other documents" or "to shorten time" (*id*., 8.50(a)), and for counsel to appear *pro hac vice* (*id*., 9.40(c)(2)); or determining at the outset of an appeal whether an appellant's notice of appeal is timely (*id*., 8.104), as occurred in the Underlying Litigation.

We conclude that rule 10.1004(c)(2) does not violate Article VI, section 3 of the California Constitution or Government Code section 69102. This rule merely sets out one of many duties of an APJ in ensuring "a forum for the fair and expeditious resolution of disputes, and maximizing the use of judicial and

20

other resources" in the Courts of Appeal.[15] (Rule 10.1004(b).) For this separate reason, the demurrer to Kleidman's eighth cause of action against the Judicial Council was properly sustained without leave to amend.

D. *The Trial Court Lacked Jurisdiction to Enter the August 24, 2020 Order and March 3, 2021 Judgment*

Kleidman contends the trial court erred in entering the March 3, 2021 judgment because the trial court's orders of April 24, 2020 and August 24, 2020 constituted "judgments" under section 581d. This statute provides: "A written dismissal of an action shall be entered in the clerk's register and is effective for all purposes when so entered. [¶] All dismissals ordered by the court shall be in the form of a written order signed by the court and filed in the action and those orders when so filed shall constitute *judgments* and be effective for all purposes, and the clerk shall note those *judgments* in the register of actions in the case." (Italics added.)

Preliminarily, we note that the April 24, 2020 dismissal order was written, signed by the trial court, and filed in the action. The April 24 order provided in part: "[T]he Complaint is hereby dismissed, with prejudice, as to the Judicial Branch Defendants. As prevailing parties, the Judicial Branch Defendants shall be awarded costs pursuant to [Code of Civil Procedure sections] 1032 and 1033.5, and [Government Code section] 6103.5 pursuant to

---

15  Other duties of the APJ include "general direction and supervision of the clerk/executive officer and all court employees" with certain exceptions (rule 10.1004(c)(1)); preparation of "reports and assignment of judges or retired judges" (*id.*, (c)(3)); the transfer of cases, when appropriate and in cooperation with the Supreme Court (*id.*, (c)(4)); supervision of the "court's day-to-day operations" (*id.*, (c)(5)); the budget, as allocated by the Judicial Council (*id.*, (c)(6)); and the "operation, maintenance, renovation, expansion, and assignment of all facilities used and occupied by the district" (*id.*, (c)(7)).

21

a properly filed Memorandum of Costs." The order itself defined the "Judicial Branch Defendants" to include the Second District.

Based on the plain language of section 581d (see *Sierra Club, supra,* 57 Cal.4th at pp. 165–166), we conclude that the April 24 signed and filed dismissal order was a final judgment in favor of all Judicial Branch Defendants—including Division P as part of the Second District.[16] By entering judgment, the trial court exhausted its jurisdiction over the subject matter of the suit and these parties, except for the amount of costs awarded, which jurisdiction the court preserved in the April 24 order. (See *Dana Point Safe Harbor Collective v. Superior Court* (2010) 51 Cal.4th 1, 5 [noting a judgment "terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined" (internal quotation marks omitted)]; *White v. White* (1900) 130 Cal. 597, 599–600 [noting that after entry of judgment, "the jurisdiction of the court over the subject matter of the suit and the parties was exhausted" and "[a]fter final judgment[,] any further judgment, or order materially varying the judgment, is a mere nullity"]; *Barry v. Superior Court of San Francisco* (1891) 91 Cal. 486, 488 ["The first judgment was final, and the only authority of the court thereafter, in the matter concluded thereby, was the power to enforce the judgment according to its terms"].) Accordingly, the August 24, 2020 dismissal order and March 3, 2021 judgment—covering the same parties and providing the same relief as the April 24, 2020 dismissal

---

16 Kleidman's own complaint alleges that Division P is part "of the Court of Appeal for the Second Appellate District." As we have explained, Division P is merely an administrative designation the Second District uses for motions decided by the APJ before a case is assigned to one of its eight divisions. (Internal Operating Practices and Procedures, Second Appellate District, *Motions*.)

order—were null and therefore must be reversed.[17] Once again, however, these reversals necessitate no further proceedings on remand because the prior order of April 24, 2020 fully resolved all issues between Kleidman and the Judicial Branch Defendants, including Division P.

## DISPOSITION

The order of April 24, 2020 is reversed only as to the first through fourth causes of action asserted against the Supreme Court, the fourth cause of action asserted against the Judicial Council, and the fifth cause of action asserted against the Second District. The order of April 24, 2020 is modified to reflect no ruling on the demurrer to these claims, and as so modified, the order is affirmed. The order of August 24, 2020 and the judgment of March 3,

---

[17] In light of our decision, we deem it unnecessary to address additional issues raised by the parties, including Kleidman's claim that the trial court erred in denying his motion for entry of default against Division P because it allegedly was not a demurring party in the Judicial Branch Defendants' demurrer; and the Judicial Branch Defendants' claims that the seventh through ninth causes of action failed as a matter of law because of claim/issue preclusion and/or the litigation privilege in Civil Code section 47, subdivision (b).

2021 are reversed.  In the interests of justice, the parties shall bear their own costs on appeal.  (Rule 8.278(a)(5).)


                                                    BUCHANAN, J.

WE CONCUR:



HUFFMAN, Acting P. J.



CASTILLO, J.